IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE TAX LIABILITIES OF:<br><br>JOHN DOES, United States taxpayers who, at any time during the years ended December 31, 2014, through December 31, 2023, used the services of the Trident Trust Group, including its predecessors, subsidiaries, divisions, affiliates, and associates to establish, maintain, operate, or control any foreign financial account or other foreign asset; any foreign corporation, company, trust, foundation or other legal entity; or any foreign or domestic financial account or other asset in the name of such foreign entity. | Case No. 4:24-mc-127-RAL |

## UNITED STATES' MOTION TO UNSEAL ALL DOCUMENTS

On December 18, 2024, this Court granted the United States' *ex parte* petition for leave to serve a John Doe summons on Trident Trust Company (South Dakota), Inc. *See* ECF No. 1 (petition), 2 (declaration), 3 (order). That petition, its supporting documents, and the order were all docketed under seal. However, a number of factors weigh in favor of full public access and against continued restriction. Accordingly, the United States of America respectfully requests the Court unseal and make public (a) the *ex parte* petition and proposed order (ECF No. 1), (b) the declaration and its accompanying exhibits (ECF No. 2) and (c) this Court's order granting the petition (ECF No. 3).

## ARGUMENT

American courts, and their dockets, are open to the public as a rule, and it is well settled that there is a common law right of public access to judicial documents. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 602 (1978); *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990); *Pratt & Whitney Canada, Inc. v. United States*,

14 Cl. Ct. 268, 272 (1988); The public's right of access is essential to our system of government. *Pratt & Whitney Canada, Inc.*, 14 Cl. Ct. at 273. Additionally, the First Amendment provides a right of public access to court proceedings and certain types of judicial documents. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006) (holding that public has the right to access documents filed in connection with summary judgment motions under the First Amendment).

Given the well-established right of public access to court proceedings, there is a strong presumption in favor of public access to judicial documents. *See Nixon*, 435 U.S. at 597, 602. As recognized by the Eighth Circuit, "only the most compelling reasons can justify non-disclosure of judicial records." *See In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (quoting *In re Gitto Global Corp.*, 422 F.3d 1, 6 (1st Cir. 2005)).

Of course, this right to public access is not absolute—instead, a Court must weigh competing interests in favor of and against disclosure. *See Webster Groves School District*, 898 F.2d at 1376; *see also Nixon*, 435 U.S. at 598–99 (noting that the public right of access is limited by the court's "supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes").

Here, a number of interests weigh in favor of disclosure. There are compelling reasons to unseal the documents in this matter. *First,* "[t]here is nothing in either [26 U.S.C. § 7609(f)] itself or the legislative history . . . to indicate that Congress intended these proceedings to be conducted in secret." *Matter of Oil and Gas Producers Having Processing Agreements with Kerr-McGee Corp.*, 500 F. Supp. 440, 444 (W.D. Okla. 1980) (citations omitted). Rather, Congress allowed the IRS to file these matters *ex parte* because from a logistical perspective, absent the identity of the "John Does," it is not possible to give notice of the proceedings. *Id.*

Thus, while this matter was properly filed and decided *ex parte*, it need not remain sealed to the public.

*Second*, judicial efficiency favors unsealing the documents. In multi-district John Doe summons matters, it is the practice of the United States to inform each court of the other's orders. *See, e.g.*, *In re Tax Liabs. of John Does*, Case No. 1:21-cv-1221, at Dkt No. 4 (notifying the court of order in related summons matter). Doing so not only provides supplemental authority for the United States' position, but encourages transparent, efficient resolution of these multi-district matters.

*Third*, beyond its inherent investigative potential, the John Doe summons serves a deterrent effect—publicity of the IRS's investigation of possible failures to comply with U.S. internal revenue laws reminds taxpayers that they must comply with internal revenue laws or face the consequences of not doing so. *See, e.g.*, United States Department of Justice, Tax Division, *Press Release: Court Authorizes Service of John Doe Summons Seeking the Identities of U.S. Taxpayers Who Have Used Cryptocurrency*, https://perma.cc/5U3W-RMZB (Aug. 16, 2022) (then-Commissioner Chuck Rettig "urg[ing] all taxpayers to come into compliance with their filing and reporting responsibilities [relating to cryptocurrency] and avoid compromising themselves in schemes that may ultimately go badly for them."); United States Department of Justice, Tax Division, *Press Release: Court Authorizes Service of John Doe Summons Seeking the Identities of U.S. Taxpayers Who Have Used Debit Cards in Furtherance of Tax Evasion*, https://perma.cc/MVV2-LQXY (Jan. 25, 2017) (then-Acting Assistant Attorney General David A. Hubbert noting that "[t]he time to come forward and come into compliance is running short, and those who continue to violate U.S. tax and reporting laws will pay a heavy price.").

To properly encourage such compliance, the United States must be able to notify the public of these proceedings. Accordingly, the documents should be unsealed.

## CONCLUSION

The United States respectfully requests this Court unseal and make public (a) the *ex parte* petition and proposed order (ECF No. 1), (b) the declaration and its accompanying exhibits (ECF No. 2) and (c) this Court's order granting the petition (ECF No. 3). Congressional intent, judicial efficiency, and the deterrent effect of publicizing the IRS's investigation of possible tax non-compliance all weigh in favor of doing so.

Dated: December 20, 2024.    Respectfully submitted,

**DAVID A. HUBBERT**
Deputy Assistant Attorney General

By:  /s/ *Christina T. Lanier*
CHRISTINA T. LANIER
D.C. Bar No. 1779680
(202) 765-4908 (v)
(202) 514-4963 (f)
Christina.T.Lanier@usdoj.gov

BRIJ B. PATNAIK
Illinois Bar # 6300524
202-353-0703 (v)
202-514-6770 (f)
Brij.Patnaik@usdoj.gov

Trial Attorneys, Tax Division
U.S. Department of Justice
Ben Franklin Station
P.O. Boxes 7238 & 14198
Washington, D.C. 20044

*Attorneys for the United States of America*